UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00196-RJC

| | | |
|---|---|---|
| ROBERTA L. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment, (Doc. No. 16). The motions are ripe for adjudication.

## I. BACKGROUND

### A. Procedural Background

Roberta L. Webb ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on October 13, 2015. (Doc. Nos. 8 to 8-1: Administrative Record ("Tr.") at 139.) Her application was denied first on February 11, 2016, (Tr. 83), and upon reconsideration on August 5, 2016, (Tr. 90). Plaintiff timely filed a request for a hearing on October 3, 2016, (Tr. 97), and an administrative hearing was held by an administrative law judge ("ALJ") on May 2, 2018, (Tr. 98). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 17–34.) Plaintiff

requested a review of the ALJ's decision, but on April 15, 2019, the Appeals council denied Plaintiff's request for review. (Tr. 1–6.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

## B.    Factual Background

The question before the ALJ was whether Plaintiff was disabled under section 1614(a)(3)(A) of the Social Security Act. (Tr. 20.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1]  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Plaintiff alleges that her disability began on December 1, 2007 due to physical and mental impairments. (Tr. 139.)

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 34.)  In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled.  The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

---

[1] Under the SSA, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

*Radford v. Colvin*, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See *id.*; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 33–34.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical and mental impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 22–26.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff has the RFC

> to perform light work . . . except no concentrated exposure to hazards. In addition, she is restricted to performing and maintaining concentration for only simple, routine, repetitive tasks, adapting to routine changes, and would be limited to work requiring no interaction with the public and no more than occasional interaction with coworkers and supervisors.

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis, post-traumatic stress disorder, major depressive disorder, and a learning disorder. (Tr. 22.)

3

(Tr. 26.)  Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed.  (Tr. 33.)  The ALJ thus proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy.  (Tr. 33–34.)  To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE").  The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "silverware wrapper,"[3] "egg washing machine attendant,"[4] and "street cleaner."[5]  (Tr. 34.)  According to the DOT, all of these jobs involve "light work."  The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's application for Title XVI benefits was denied.  (Tr. 33–34.)

## II.    STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the SSA.  See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the

---

[3] DOT 318.687-018.
[4] DOT 529.686-030.
[5] DOT 955.687-018.

4

Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986); <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In <u>Smith v. Heckler</u>, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting <u>Perales</u>, 402 U.S. at 401); <u>see also</u> <u>Seacrist v. Weinberger</u>, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456; <u>see also</u> <u>Smith</u>, 795 F.2d at 345; <u>Blalock</u>, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff argues that the ALJ failed to account for Plaintiff's limitation in maintaining concentration, persistence, or pace in his RFC assessment and his hypothetical question to the VE. Plaintiff argues that under Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), such a failure requires remand. The Court agrees.

The ALJ found at step three that Plaintiff has a moderate limitation in maintaining concentration, persistence, or pace. (Tr. 24.) In his RFC assessment, the ALJ determined that Plaintiff is limited to "performing and maintaining concentration for only simple, routine, repetitive tasks." (Tr. 26.) In Mascio, the Fourth Circuit held that an ALJ cannot summarily account for a claimant's limitations in concentration, persistence, and pace by limiting the claimant to simple, routine tasks. 780 F.3d at 638. This is because "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id. At the same time, the Fourth Circuit "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Instead, "the ALJ can explain why [the claimant]'s moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the RFC]." Mascio, 780 F.3d at 638.

For example, in Shinaberry, the Fourth Circuit held that a limitation to simple, routine, repetitive tasks sufficiently accounted for the claimant's moderate limitation

in concentration, persistence, or pace and borderline intellectual disability where the ALJ "issued a comprehensive decision denying [the claimant]'s claim." 952 F.3d at 119. The Fourth Circuit went on to highlight the ALJ's discussion of Plaintiff's mental limitations, which consisted primarily of explaining the rationale for giving great weight to the state agency psychological experts' and consultative psychologist's opinions. The Fourth Circuit concluded that the ALJ "addressed [the claimant]'s lifelong, borderline intellectual disability, including her moderate limitations in concentration, persistence or pace" and "explained why the psychological evidence and [the claimant]'s statements support a mental limitation to simple, routine, and repetitive tasks." Id. at 122.

Here, such an explanation is lacking. Although the ALJ noted that the state agency psychological expert "opined that claimant was capable of understanding and following most simple instructions and she could maintain appropriate attention and concentration in order to perform simple, repetitive tasks for brief periods," (Tr. 29), the ALJ does not indicate the weight he gave that opinion. Moreover, the ALJ did not include in his RFC assessment a limitation to maintaining concentration for simple, routine, repetitive tasks for brief periods or any other time period. Absent an explanation as to why a limitation to simple, routine, and repetitive tasks sufficiently accounts for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace, this matter must be remanded.

7

IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

2.    Defendant's Motion for Summary Judgement, (Doc. No. 16), is **DENIED**;

3.    The parties' motions for extensions of time and motion for leave to file,
      (Doc. Nos. 9, 10, 13, 15), are **DENIED as moot**;

4.    This matter is **REMANDED** for further proceedings consistent with this
      Order; and

5.    The Clerk of Court is directed to close this case.

Signed: August 5, 2020

Robert J. Conrad, Jr.
United States District Judge